# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| GSC Construction, Inc. ) | ASBCA Nos. 59046, 59957 |
| ) | |
| Under Contract No. W9126G-11-D-0061 ) | |

APPEARANCE FOR THE APPELLANT:     James S. DelSordo, Esq.
                                  Argus Legal, LLC
                                  Manassas, VA

APPEARANCES FOR THE GOVERNMENT:   Thomas H. Gourlay, Jr., Esq.
                                    Engineer Chief Trial Attorney
                                  Ronald J. Goodeyon, Esq.
                                  Jason R. Chester, Esq.
                                  Keith J. Klein, Esq.
                                    Engineer Trial Attorneys
                                    U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR SUMMARY JUDGMENT

Appellant, GSC Construction Inc., moves for summary judgment, apparently in the amount of $468,808.43, related to its performance of the above-referenced contract to construct a Central Issue Facility at Fort Sill, Oklahoma (mot. at 2, ¶ 4, at 5, ¶ 18). Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,129 (citing FED. R. CIV. P. 56(a)). Where, as here, the movant has the burden of proof at trial, his showing must be sufficient that no reasonable trier of fact could find other than for the movant. *Philadelphia Biologics Center*, ASBCA No. 44578, 95-2 BCA ¶ 27,805 at 138,641.

Where a contractor fails to provide accounting or other evidence to substantiate its allegations of a quantum recovery, it has not met its burden of proof and is therefore not entitled to payment. *Environmental Safety Consultants, Inc.*, ASBCA No. 53485, 03-2 BCA ¶ 32,298 at 159,808. The evidence that GSC cites in support of its quantum position ($468,808.43) consists of its three-page claim to the contracting officer (mot. at 5, ¶ 18 (citing R4, tab 28)). Although the claim states that the government owes GSC $468,808.43 (consisting of three elements: "turnaround area," withheld payments, and claim preparation costs), those three pages of narrative neither include nor are accompanied by any accounting or other evidence sufficient that no

reasonable trier of fact could find other than that GSC is owed $468,808.43 (or any amount), even assuming entitlement (R4, tab 28 at 2). *Cf. Philadelphia Biologics*, 95-2 BCA ¶ 27,805 at 138,642 (denying motion for partial judgment where affidavit contained no information independent of contracting officer's final decision to support amount claimed).

In addition, GSC's explanation of the relevant contract language is undeveloped and, at this stage, no more effective than the explanation that the government advanced in support of its own, unsuccessful motion for summary judgment. As did the government, GSC relies upon sections 6.4.6.1.(c) and (d) of the contract's Statement of Work, which provide, respectively, that "[t]he Government will provide primary or main water pipe distribution," and that "[t]he Infrastructure Contractor will design and construct the sanitary sewer service line between the sanitary sewer main to 5 feet from the building" (mot. at 6-7). *GSC Construction, Inc.*, ASBCA No. 59046, 14-1 BCA ¶ 35,739 at 174,918. Of course, denial of the government's motion is not a reason to deny GSC's motion. *See Macro-Z-Technology*, ASBCA No. 56711, 13 BCA ¶ 35,225 at 172,834. However, GSC's explanation of section 6.4.6.1 fails to persuade us that the government or a contractor other than GSC was responsible for the specific water line and sewer line work at issue in this dispute, for essentially the same reason the government's summary judgment motion failed: our view remains that "[t]his may be a case in which evidence of trade practice and custom plays an important role in contract interpretation, to explain the meaning of technical terms in contract provisions and on contract drawings," and that "[t]he Board might also benefit from further, detailed evidence from those with personal knowledge of the contract work, or from stipulated facts." *GSC Construction,* 14-1 BCA ¶ 35,739 at 174,920.

Accordingly, GSC fails to meet its burden, and its motion for summary judgment is denied.

Dated: 12 July 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

I concur                           I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

       I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 59046, 59957, Appeals of
GSC Construction, Inc., rendered in conformance with the Board's Charter.

       Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3